United States District Court
Southern District of Texas
**ENTERED**
April 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* | § § § § | |
| v. | § § | CRIMINAL ACTION NO. 4:15-CR-265-4 |
| ANDREW DEMON HOLLEY, *Defendant.* | § § § | |

## ORDER

Andrew Demon Holley ("Holley"), a federal prison inmate, asks the Court to grant his Motion for Compassionate Release/Sentence Reduction. His motion seeks an order that his sentence be modified to one of home confinement. (Doc. No. 215). He moved under 18 U.S.C. § 3582(c)(1)(A), relying on the threat of infection from the COVID-19 virus and his alleged increased susceptibility to the consequences of that virus because of his underlying physical conditions. The Government opposed the motion. (Doc. No. 216). Holley's request for home confinement was initially denied by the warden of the facility where he is confined on February 8, 2021. (Doc. No. 215, p. 3).

Based on careful consideration of the briefs, the record, and the applicable law, the Court denies Holley's motion for compassionate release.

The reasons for this ruling are set out below.

**I.      Background**

On May 20, 2015, a federal grand jury charged Holley in a two-count indictment with various acts pertaining to armed robbery at a Chase Bank in The Woodlands, Texas on June 27, 2014.

In 2016, Holley pleaded guilty, pursuant to a written plea agreement, to: aiding and abetting an armed robbery, in violation of 18 U.S.C. §§ 2113(a),(d), and 2 (Count 1), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 2).

Holley was sentenced to 84 months as to Count 1, and 84 months as to Count 2, the terms to be served consecutively, resulting in a 168-month sentence. In addition, concurrent terms of five years of supervised release were imposed. Also, the Court imposed restitution in the amount of $219,823.66 and a special assessment of $200. The case was not appealed.

**II.     Holley's Motion**

Holley's motion is predicated on 18 U.S.C. § 3582(c)(1)(a) and is based upon the existence of the COVID-19 virus pandemic and his purported enhanced susceptibility to that virus. Holley is 28 years of age. He suffers from asthma and has been diagnosed with some form of thrombocytopenia. He has been treated for the asthma with an Albuterol inhaler and is scheduled for a six-month follow-up with a hematologist in May of 2021. He is experiencing no disability from either condition.

The COVID-19 virus has obviously presented health problems to those housed both inside and outside any form of institutional facility. Everyone has been hoping for the development and distribution of a safe and effective vaccine and that the ones currently available will be both effective and widely distributed. While at least two vaccines are currently being distributed, and others seem to be waiting in the wings, a mass distribution has not yet been effectuated and there remain some questions as to their overall effectiveness, especially with regard to the variously reported variant COVID-19 strains. Nevertheless, according to the

Government, Holley has been tested 13 times for COVID-19 and has received a negative result each time.[1]

There are many comorbidities that have been identified that seem to either make one more susceptible to the COVID-19 virus or exacerbate the problems that occur should one contract the virus. While these factors have been subject to debate, it seems at this point unassailable that age—especially old age—is a factor that greatly multiplies the deadly effects of COVID-19. Holley, however, is 28 years old. In fact, he fits into the 18-29-year-old group that the CDC used to use for baseline comparisons.[2] Moreover, Holley's latest medical records indicate he is in stable health.

Holley is serving his 168-month sentence at the Lee USP located in Pennington Gap, Virginia. He has served approximately seven years of his sentence. Given his sentence and assuming he accumulates good conduct credit, he is looking at a projected release date of August 5, 2026.

### III. Government's Opposition

The Government strongly opposes granting relief to Holley. It maintains that COVID-related concerns do not constitute extraordinary and compelling reasons for relief, especially for someone of Holley's age and general health. Further, the Government emphasizes that Holley has been involved in crime since the age of 13, has almost never held a job, and was actually implicated in another bank robbery. (Doc. No. 216 citing Doc. No. 213, p. 12) Holley was arrested as early as 2006 at the age of 13 for deadly conduct with a gun. As an adult, he also has convictions for unauthorized use of a vehicle, drug possession, theft, and the attempted

---

[1] The letter from the warden turning down his request for compassionate release mentions that Holley had COVID-19, but both the Government and Holley have indicated this was a mistake.
[2] *See* Centers for Disease Control and Prevention (2021). Risk for COVID-19 Infection, Hospitalization, and Death by Age Group. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html

possession of a gun. His conduct while in custody has not been stellar. He has been cited for fighting, assault, and falsifying records, among other acts of misconduct. Indeed, he would be looking at an earlier release date, but for his misconduct.

The Government suggests that, if released, there would be no way to keep him from continuing down the same path of criminal behavior that he has followed for 15 years. The Government further argues that Holley has not shown that the Government is incapable of managing the COVID-19 problem in its prisons. It recites in great detail the ever-increasing steps that it has taken to keep inmates safe. (Doc. No. 216). Indeed, inmates are starting to be vaccinated, and according to the BOP nearly 40% of the inmates at Lee USP, where Holley is housed, have already been vaccinated.[3]

As of this date, Lee USP reports a total of 682 (inmate and staff) recovered cases of COVID-19, no deaths, and no active cases of infection. It has already vaccinated 176 staff members and almost 500 inmates, with vaccinations ongoing.

## IV. Discussion

Section 3582(c)(1)(A)(ii) requires any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). The policy statement allows a reduction for "extraordinary and compelling reasons," only if the reasons are "consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(1)(A), (3) (U.S. SENTENCING COMM'N 2018). Application Note 1 explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below." *Id.* § 1B1.13 cmt. n.1. These circumstances are: (a) suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to

---

[3] *See* Bureau of Prisons (2021). COVID-19 Vaccine Implementation. https://www.bop.gov/coronavirus/

recover"; (b) being at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and having "served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (c) the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id.* § 1B1.13 cmt. n.1.

Courts differ on whether Application Note 1 remained binding after Congress passed the First Step Act. *Compare United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019) ("U.S.S.G. § 1B1.13 cmt. n.1(D) no longer describes an appropriate use of sentence-modification provisions and is thus not part of the applicable policy statement binding the Court."), *with United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020) (the district court did not err by considering § 1B1.13 commentary when determining whether an "extraordinary and compelling reason" existed that warranted a sentence reduction).

Holley contends that his underlying preexisting conditions increase the risk of severe problems if he is infected with COVID-19. As stated above, Holley is 28 years old and suffers only from asthma and some form of thrombocytopenia. According to the CDC, asthma (if it is moderate to severe) can make you more likely to get severely ill from COVID-19, if you contract it.[4] The CDC does not make any mention of thrombocytopenia in connection with COVID-19 severity and mortality, however there is some literature that indicates the condition "is associated

---

[4] *See* Centers for Disease Control and Prevention (2021). COVID-19 and People with Certain Medical Conditions. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

with COVID-19 severity and outcome."[5] The real question is whether this combination of facts provides "extraordinary and compelling reasons" for compassionate release to home confinement. The Court finds they do not. Holley is healthy and the few conditions he has are being treated and/or monitored. Thus, he is not being subjected to any extraordinary or compelling circumstance as compared to any other inmate. The Court finds that the need to protect the public from a person who has committed armed robberies on multiple occasions and the need to deter criminal activity outweighs the need for an immediate release.

Holley has served just one-half of his sentence and has been far from a model prisoner. The Court finds there are no extraordinary or compelling reasons to release him and that the need to protect the public outweighs any reason given for releasing Holley at this time.

## V.    Conclusion

The Court denies Holley's Motion for Compassionate Release/Sentence Reduction (Doc. No. 215).

SIGNED at Houston, Texas this 22nd day of April, 2021.

Andrew S. Hanen
United States District Judge

---

[5] *See* Xiaolong Z., Yajun G., Hongjian Y., et al., Thrombocytopenia Is Associated with COVID-19 Severity and Outcome: An Updated Meta-Analysis of 5637 Patients with Multiple Outcomes, *Laboratory Medicine*, Volume 52, Issue 1, January 2021, Pages 10–15, https://doi.org/10.1093/labmed/lmaa067. *See also*, Yang X., Yang Q., Wang Y., et al. Thrombocytopenia and its association with mortality in patients with COVID-19. *J Thromb Haemost.* 2020;18:1469–1472. https://doi.org/10.1111/jth.14848.